UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRYANT K DOTSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-297 |
| | § | |
| UNKNOWN TRAVERS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Bryant K. Dotson (TDCJ #1740810), a state inmate, has filed a complaint under 42 U.S.C. § 1983 against the following defendants employed at the Clemens Unit: Officer Travers, Sgt. Maccrey and Sgt. Tindel. The plaintiff proceeds *pro se* and *informa pauperis*. After reviewing the pleadings as required by 28 U.S.C. § 1915(A), the Court concludes that his case must be dismissed for the reasons that follow.

This complaint is governed by the Prison Litigation Reform Act (PLRA), which mandates the dismissal of a prisoner's civil rights complaint if the district court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). These provisions of the PLRA apply regardless of whether plaintiff has paid the filing fee. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (citations omitted).

In this case, plaintiff asserts that he was denied his rights to due process during a disciplinary proceeding which resulted in the imposition of punishment. He seeks monetary damages and to have his time-earning class status and good time credits restored.

Plaintiff's claim for monetary damages is barred by the law of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, when a state prisoner seeks damages in a section 1983 suit, "the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," (in this case the disciplinary conviction). If it would, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in the disciplinary sentence has been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254; *Heck*, 512 U.S. at 487. Because a judgment in favor of the plaintiff in this case would necessarily imply the invalidity of his disciplinary conviction, and because the plaintiff has not shown that the disciplinary conviction has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or invalidated through a federal habeas proceeding, the plaintiff's section 1983 claims for monetary damages are barred under *Heck*.

Plaintiff's claims to have his time-earning class status and good time hours restored are not cognizable under 42 U.S.C. § 1983 and are dismissed. These claims must be presented in a federal petition for writ of habeas corpus under 28 U.S.C. § 2254.

For the foregoing reasons, the case is **DISMISSED** with prejudice for failure to state a claim.

The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

It is so **ORDERED.**

SIGNED this 19th day of May, 2014.

_____
Gregg Costa
United States District Judge